## W. H. GARDNER v. E. P. McMANUS.

1. JUDGMENT LIEN. *Execution. Land formerly owned by debtor.*

    A purchaser of land at an execution sale, under a judgment rendered after the debtor has parted with all interest therein, acquires no title.

2. SAME. *Trust deed. Conveyance of equity of redemption.*

    The debtor's conveyance, after condition broken, to a grantee with notice of a prior unrecorded deed of trust, carries the title subject thereto.

3. SAME. *Subsequent foreclosure. Res inter alios acta.*

    The subordination of the title of the debtor's grantee, by the creditor foreclosing his trust-deed, gives no title to the execution purchaser without notice.

ERROR to the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

P. P. Strait, who in 1870 owned the lot in controversy, executed on Aug. 27 of that year, a deed of trust thereon, to secure his note payable to Foster & Gardner on Dec. 1 following. The trust-deed was not recorded. A deed conveying the lot from Strait to M. T. Burton was executed Feb. 14, 1872, and recorded on the 24th of the same month, and three days afterwards M. T. Burton conveyed to B. McManus, who took possession. The consideration paid by Burton, who was an agent of B. McManus, was Strait's note held by the latter ; and both had notice of the deed of trust. On May 6, 1873, Harvey & Keith recovered judgment against Strait, and on July 31, 1875, an execution thereunder was levied upon the lot. Foster & Gardner, on Nov. 23, 1876, filed a bill in chancery against B. McManus, M. T. Burton, and P. P. Strait, to foreclose the deed of trust. The lot was sold under the execution, on Jan. 1, 1877, to the defendant in error, who is plaintiff in ejectment. The plaintiff in error, who is the defendant in ejectment, purchased on April 7, 1879, at the commissioner's sale under the decree of foreclosure. The court instructed the jury for the plaintiff that, if the deed of trust was not recorded when the judgment was obtained, they should find for the plaintiff ; and refused to charge for the defendant that, if Strait conveyed to Burton before the judgment, the lien did not attach, and that, if the defendant bought at the sale under the decree foreclosing the superior lien, they should find in his favor.

*W. L. Clayton*, for the plaintiff in error.

Strait sold and conveyed to Burton, and he to B. McManus, more than a year before Harvey & Keith obtained judgment, which bound only the interest which Strait had in the land at its enrolment, or the levy of execution. *Simmons* v. *North*, 3 S. & M. 67 ; *Money* v. *Dorsey*, 7 S. & M. 15; *Hoy* v. *Taliaferro*, 8 S. & M. 727 ; *Kelly* v. *Mills*, 41 Miss. 267 ; *Walton* v. *Hargroves*, 42 Miss. 18 ; *Foute* v. *Fairman*, 48 Miss. 536. The Chancery Court did not annul the title of McManus, or revest it in Strait, nor decide that the title never passed from Strait ; but the court held McManus bound by the deed of

trust, because he had notice thereof. Strait conveyed to Burton the equity of redemption, and the transaction was good against the world, except Foster & Gardner. The plaintiff, therefore, acquired no title at the sheriff's sale, and the court erred in giving the charge for the plaintiff, and refusing the charges for the defence.

*Barton & Cole*, on the same side.

Before the sale under the trust-deed, the grantor was the owner of the legal title to the lot, except as against the trustee, after breach of the condition. The forfeiture did not further affect the equity of redemption, which was practically the legal estate subject to a lien. That estate was salable, and Strait conveyed it before judgment was obtained. B. McManus then held subject to the trust-deed (Code 1871, § 2295), and the defendant, by his purchase at the foreclosure sale, acquired the entire interest, legal and equitable, in the lot.

*J. A. Brown*, on the same side, argued orally and in writing.

As the lot did not belong to Strait, when Harvey & Keith obtained judgment, the plaintiff, who must recover on the strength of her title, acquired nothing by her purchase at the execution sale. *Freeman* v. *Cunningham, ante*, 64; *Beckett* v. *Dean, ante*, 232; *Chisholm* v. *Andrews, ante*, 636.

*J. A. Blair*, for the defendant in error, made an oral argument.

*Blair & Clifton*, on the same side.

The deed of trust was forfeited before the conveyance to McManus, who therefore acquired at most only the equity of redemption, the legal title being in the trustee. *Thornhill* v. *Gilmer*, 4 S. & M. 153; *Brown* v. *Bartee*, 10 S. & M. 268; *Buck* v. *Payne*, 52 Miss. 271. As he purchased in bad faith, with notice of the trust-deed, he acquired no title. *Claiborne* v. *Holmes*, 51 Miss. 146. Whatever he acquired was extinguished by the chancery proceeding, under which the land was sold to satisfy the deed of trust. The legal effect of the decree is to cancel McManus's title, and the deeds to Burton and him are nullities. The verbiage of the decree amounts to nothing; its effect was to extinguish the equity of redemption. It is irrational to argue that it longer exists. It was only a

right to pay the secured debt, and, having been foreclosed, it has not passed to the defendant, who must rely upon the mortgage alone. The plaintiff is an innocent purchaser, without notice of the trust-deed, and must prevail. *Taylor* v. *Lowenstein,* 50 Miss. 278; *Loughridge* v. *Bowland,* 52 Miss. 546.

CAMPBELL, J., delivered the opinion of the court.

The instruction given for the plaintiff below should have been refused, and both of those refused to the defendant below should have been given. Mrs. McManus acquired nothing by her purchase at the sale under the judgment against Strait. Long before the rendition of the judgment, Strait had parted .with all his interest in the land by his conveyance to Burton, who conveyed to B. McManus; and although the title acquired by McManus by these conveyances was subordinated, by a decree of the Chancery Court, to the prior trust-deed which Strait had executed, his conveyance to Burton divested Strait of all interest in the land, and left nothing in him for the lien of the judgment rendered against him May 6, 1873, to fasten upon.                    *Reversed and remanded.*